UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROBERTA RENEE DALTON,            )
                                 )
    Plaintiff                    )
                                 )
v.                               ) 2:11-cv-00318-DBH
                                 )
UNIVERSITY CREDIT UNION,         )
                                 )
    Defendant                    )

**RECOMMENDED DECISION**

On August 22, 2011, Roberta Dalton filed suit against her bank, University Credit Union.[1] Dalton believes someone has been tampering with her account because the deposits and withdrawals do not match. She relies upon the paperwork submitted with her "complaint" as demonstrating that her account has been fraudulently accessed or otherwise infringed in some manner. The paperwork shows that she closed an account and transferred a $300-plus balance to a new account and that a series of transactions were made on the account. (Doc. No. 1-4.) Dalton wants this court to investigate this situation, but I can discern no cognizable legal claim in the facts she has pled.

Since she filed the initial action Dalton has been given an opportunity to supplement her pleading on a number of occasions. On August 29, 2011, she filed numerous additional attachments. In another "To Whom it May Concern" letter to the court (Doc. No.5), Dalton complains that her savings account balance used to be $25.00, but now it is $50.00. Then she received information from an ATM withdrawal receipt which showed no balance. She also complains that Judges Humphrey and Brennan of the state court held her as hostage in jail for a

---

[1]     This case is not Dalton's only case in this court. Earlier she filed suit against Laura Lee Reid, Dalton v. Reid, 2:11-cv-00305-GZS. Reid is mentioned in this second lawsuit as a possible source of the current problem with the account, but Dalton apparently believes she has a separate lawsuit that should be brought against the bank. (See Doc. No. 2, civil cover sheet, filed with "complaint.")

crime she did not commit in September 2010. She also reports her wallet was stolen in Portland, Maine. (Doc. No. 6.) Finally, on September 1, 2011, she responded to a show cause order in both of her cases. She basically requests that we continue to proceed with her case, but did not provide any additional allegations regarding the credit union. (Doc. No. 8.)

With respect to an in forma pauperis action such as this, the United States Congress has directed: "[T]he court shall dismiss the case at any time if the court determines that -- … (B) the action…-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citing Franklin v. Murphy, 745 F.2d 1221, 1226 (9th Cir. 1984)); accord Denton v. Hernandez, 504 U.S. 25, 33 (1992). In the present case I do not believe the University Credit Union should be served with a summons and be expected to respond to these "allegations" which really appear to be directed against Laura Lee Reid and other unknown individuals. Neither Dalton's written submissions nor her numerous exhibits make out a colorable federal claim against the University Credit Union and I therefore recommend summary dismissal of this complaint.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 7, 2011.